**Sheila Smith THURSTON, Plaintiff,**

**v.**

**Judge Norman ROBISON, Nevada State Attorney General Brian McKay, and Capitol Reporters, a Nevada corporation, Defendants.**

**No. CV-R-84-362-ECR.**

United States District Court,
D. Nevada.

Feb. 22, 1985.

Sheila Smith Thurston, in pro. per.

D. Brian McKay, Atty. Gen., State of Nev., Carson City, Nev., for Judge Robison and Brian McKay.

Michael Smiley Rowe, Minden, Nev., for Capitol Reporters.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff's *pro se* complaint alleges that Judge Norman Robison, Attorney General Brian McKay and Capitol Reporters have violated her constitutional rights. Plaintiff, Sheila Smith Thurston, institutes this action for money damages under 42 U.S.C. §§ 1983, 1985(2), (3) and 1986.

■■■ This Court recognizes that *pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) *reh. denied* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1973). Further, pleadings in civil rights suits are to be liberally construed. *See Thomas v. Younglove,* 545 F.2d 1171, 1172 (9th Cir.1976).

Robison and McKay have filed a motion to dismiss. Capitol Reporters have also filed a motion to dismiss. Pursuant to Fed.R.Civ.P. 12(b)(6) and 56, these motions to dismiss shall be converted into motions for summary judgment.[1] Also, Thurston has moved for a preliminary injunction. Because this Court grants the motions for summary judgment, we decline to rule on the preliminary injunction.[2]

■■■ In support of her claims against Judge Robison, Thurston alleges that: (1) Robison erroneously refused to admit certain evidence at the child custody hearing; (2) Robison's award to the father of exclusive control over medical and educational decisions for the child violated Thurston's civil rights; (3) Robison refused to release alleged illegally sealed evidence; and (4) Robison's order to seal the record violated Thurston's due process and equal protection rights.[3] It is important to note that Thurston has not appealed any of Judge Robison's rulings to the Nevada Supreme Court.

The immunity of judges is well settled. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Absolute judicial immunity is founded upon the principle that "a judicial officer, in exercising the authority vested in him, (should) be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher,* 80 U.S. (13 Wall) 335, 347, 20 L.Ed. 646 (1871).

Thurston suggests that Robison conspired to violate her constitutional rights and she is therefore entitled to money damages. However, Robison is immune from actions under § 1983 for judicial acts not

---

1. The motions to dismiss included an exhibit and an affidavit. We chose not to exclude these materials and therefore converted the motions to dismiss to summary judgment. In addition, pursuant to our order of November 15, 1984, (Document # 14), all parties have filed additional affidavits and exhibits in support of their respective positions in this matter.

2. Although this Court declines to rule on Thurston's motion for preliminary injunction, we do note that the motion appears to have several problems. First, she seeks only damages in her complaint. A preliminary injunction appears to be inconsistent with this relief. Second, she prays for this Court to enjoin state officials from carrying out duties which they are charged under the law to carry out. Finally, she prays for an injunction prohibiting the release of her son from Nevada. Apparently this has already been done, thereby rendering that relief moot.

3. Thurston makes further allegations of threats of arrest by the judge if she appealed this ruling, and a bias of Judge Robison against all women.

taken in the clear absence of all jurisdiction when the relief sought is money damages. *Stump v. Sparkman*, 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978); *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir.1982); *Rankin v. Howard*, 633 F.2d 844, 847 (9th Cir.1980), *cert. denied*, 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981). This Court notes that judicial immunity does not bar § 1983 claims for prospective injunctive relief. *Pulliam v. Allen*, — U.S. —, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984).

Clearly Robison had jurisdiction in this matter. He was acting as a judge of the juvenile division of the district court. Exclusive jurisdiction is vested in the juvenile courts concerning any child where there is concern over his welfare. NRS 62.-040(1)(a)(3). Thurston's allegations concern those actions Robison took pursuant to his judicial authority.[4] According to the Order by Judge Robison dated August 22, 1984, physical custody was vested in the child's father, and legal custody was vested both with Thurston and the father. The court also retained jurisdiction. This Court fails to find any abuse of jurisdiction by Judge Robison. Therefore, Judge Robison's motion for summary judgment is granted.

 The factual basis for Thurston's claims against McKay are somewhat confusing. Apparently, Thurston alleges that the Attorney General of Nevada failed to criminally prosecute Judge Robison.

A state prosecuting attorney acting within the scope of his duties is absolutely immune from a civil suit for damages under 42 U.S.C. § 1983 for alleged deprivation of constitutional rights. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *see also Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir.1984). The question of whether the failure to initiate prosecution could lead to an award of damages in a civil rights

action was specifically addressed in *Raitport v. Provident Nat. Bank*, 451 F.Supp. 522, 528 (E.D.Pa.1978). The court held:

"[T]hat the decision to approve or disapprove a private criminal complaint fits squarely within the broader function of 'initiating a prosecution,' and therefore it cannot subject a prosecutor to civil liability for damages under section 1983.... It would be anomalous to hold that because *Imbler* spoke only of 'initiating a prosecution,' the prosecutor who approves a complaint is immune while the prosecutor who disapproves a complaint is subject to civil liability for damages.... Just as the prosecutor who initiates a criminal case requires protection from the defendant who 'transform[s] his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.' *Imbler, supra*, 424 U.S. at 425, 96 S.Ct. at 992, so the prosecutor who concludes that prosecution is unwarranted requires protection from the complainant whose excessive zeal for invoking the criminal process blinds him to any aspects of the case that counsel against prosecution."

*Id.*

It is not clear whether a criminal complaint was filed with the Nevada Attorney General. However, even if this Court assumes that a criminal complaint was filed with McKay, the decision whether to prosecute is solely within the discretion of McKay unless ordered by the governor. *See* NRS 228.120. Therefore, Thurston's claims against Attorney General McKay for damages is dismissed.

 Finally, Thurston argues that by refusing to deliver a transcript of the August 17, 1984, child custody hearing to her, Capitol Reporters have violated her constitutional rights. However, the record was ordered sealed by the court.[5]

---

4. Thurston's reliance on *Goodwin v. Circuit Court of St. Louis County, Missouri,* 729 F.2d 541 (8th Cir.1984), is misplaced. The *Goodwin* court rejected judicial immunity because the act complained of was an administrative personnel decision, not an official judicial act. 729 F.2d at

549. As noted, the acts complained of in the case before this Court were official judicial acts.

5. Capitol may be liable for contempt if they produced a transcript from a hearing which was ordered sealed by the judge. It would seem that

Judicial immunity "extends to other officers of government whose duties are related to the judicial process." *Barr v. Matteo*, 360 U.S. 564, 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1434 (1959).

Capitol Reporters were performing acts in their capacity as quasi-judicial officers and are clothed with judicial immunity. *See Stewart v. Minnick*, 409 F.2d 826 (9th Cir.1969); *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir.1969). Therefore, Thurston's claims against Capitol Reporters for damages is dismissed.

*Conclusion*

The courts have consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. It has also long been held that a prosecutor is absolutely immune from civil rights suits for activities allegedly committed while in the course of his employment and duties as a prosecuting attorney. Judicial immunity is appropriately extended to court reporters acting in the discharge of their official responsibilities.

IT IS, THEREFORE, HEREBY ORDERED that summary judgment be entered in favor of Judge Robison.

IT IS FURTHER ORDERED that summary judgment be entered in favor of Attorney General McKay.

IT IS FURTHER ORDERED that summary judgment be entered in favor of Capitol Reporters.

---

Thurston's proper remedy is to obtain an order from the district court for a transcript of the hearing.