904 F.2d 1475
 16 Fed.R.Serv.3d 1216
 Catherine Dianne CRABTREE, a minor, By and Through her next
friend, F. Dale CRABTREE; David Lynn Crabtree, a minor, by
and through his next friend, F. Dale Crabtree; Avondale,
Inc., an Oklahoma corporation, Plaintiffs-Appellants,
v.
Clyde D. MUCHMORE; Brooke S. Murphy; Harvey D. Ellis, Jr.,
Defendants-Appellees,
and
David M. Cook, Judge of the District Court of Oklahoma
County, Oklahoma, Defendant.
Catherine Dianne CRABTREE, a minor, By and Through her next
friend, F. Dale CRABTREE; David Lynn Crabtree, a minor, by
and through his next friend, F. Dale Crabtree; Avondale,
Inc., an Oklahoma corporation, Plaintiffs-Appellants,
v.
Clyde D. MUCHMORE; Brooke S. Murphy; Harvey D. Ellis, Jr.,
Defendants,
and
David M. Cook, Judge of the District Court of Oklahoma
County, Oklahoma, Defendant/Appellee.
Catherine Dianne CRABTREE, a minor, By and Through her next
friend, F. Dale CRABTREE; David Lynn Crabtree, a minor, by
and through his next friend, F. Dale Crabtree; Avondale,
Inc., an Oklahoma corporation, Plaintiffs-Appellees,
v.
Clyde D. MUCHMORE; Brooke S. Murphy; Harvey D. Ellis, Jr.,
Defendants/Appellants.
 Nos. 89-6073, 89-6074 and 89-6170.
 United States Court of Appeals,
Tenth Circuit.
 June 4, 1990.
 
 Charles E. Geister III and Patrick M. Ryan of Ryan, Corbyn & Geister, Oklahoma City, Okl., for Clyde D. Muchmore, Brooke S. Murphy and Harvey D. Ellis, Jr.
 Robert H. Henry, Atty. Gen. of Oklahoma, and Robert A. Nance, Asst. Atty. Gen., Deputy Chief, Federal Div., Oklahoma City, Okl., for David M. Cook.
 William B. Rogers of William B. Rogers & Associates, Oklahoma City, Okl., for Catherine Dianne Crabtree, a minor, by and through her next friend, F. Dale Crabtree, David Lynn Crabtree, and Avondale, Inc.
 Before LOGAN, BARRETT and SEYMOUR, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 These companion appeals arise out of a 42 U.S.C. Sec. 1983 suit filed by Catherine Dianne Crabtree, David Lynn Crabtree and Avondale, Inc., against Oklahoma State District Judge David M. Cook and attorneys Clyde A. Muchmore, Brooke S. Murphy, and Harvey D. Ellis, Jr. (attorney defendants). The district court dismissed the actions against the attorney defendants under Fed.R.Civ.P. 12(b)(6), for failure to state a claim on which relief could be granted. Judge Cook also filed a motion to dismiss, which the court considered as a motion for summary judgment and granted on the ground of absolute judicial immunity. The court awarded attorney's fees under Fed.R.Civ.P. 11 and 42 U.S.C. Sec. 1988 against plaintiffs and their counsel in favor of Judge Cook but refused to enter such sanctions in favor of the attorney defendants. In No. 89-6073, the Crabtrees appeal the dismissal in favor of the defendant attorneys, and in No. 89-6074 they challenge the dismissal and grant of attorney's fees in favor of the defendant judge.[1] The attorney defendants appeal the district court's denial of sanctions and attorney's fees in No. 89-6170.[2]
 
 No. 89-6073
 
 2
 In No. 89-6073, we affirm the district court's dismissal of the complaint under Fed.R.Civ.P. 12(b)(6) for substantially the reasons stated in the district court's order of January 30, 1989, which we attach hereto. We hold that the district court correctly construed the complaint as stating insufficient facts tending to show that the attorneys had an understanding or agreed plan with Judge Cook sufficient to state a cause of action for conspiracy. We also hold that the district court properly analyzed the requirements under Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), for alleging a cause of action under a "joint participation" theory. Because the complaint does not state a cause of action, we do not analyze the attorney defendants' alternate argument that the district court lacked jurisdiction because the action was an attempt to gain review of state court decisions.No. 89-6074
 
 
 3
 In No. 89-6074, we affirm the district court's grant of judgment in favor of the defendant judge on grounds of absolute judicial immunity and its award of attorney's fees as sanctions under Fed.R.Civ.P. 11 and 42 U.S.C. Sec. 1988. The Crabtrees concede that the judge acted only in a judicial capacity. Their complaint is based upon a theory that somehow he acted absent jurisdiction because, they allege, he had no personal jurisdiction over the Crabtree children. At the same time they acknowledge that the judge did have before him the Crabtree children's trust and he found that the trust owned the property that forms the basis of the children's claim of an unconstitutional deprivation.[3] They also acknowledge that the Crabtree children filed a motion in state court to vacate the court's judgment, that they appealed the denial of their motion to vacate and brought several original actions before the Oklahoma Supreme Court with respect to the property, that their attorney made the statement in court that the Crabtree "family" claimed the property as exempt, and that Avondale was served with a notice of the motion for a temporary restraining order. See Reply Brief of Appellants at 3-4. If we accepted the Crabtrees' theory, no judge could claim judicial immunity for his actions if he incorrectly determined that his court had personal jurisdiction over parties to a suit, or over persons who held an interest in property in which the court was adjudicating ownership at the behest of another. We hold that no attorney, charged with the responsibility of reading the Supreme Court's decision in Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), and our opinion in Van Sickle v. Holloway, 791 F.2d 1431 (10th Cir.1986), could believe that absolute judicial immunity would not bar the action against Judge Cook. Therefore, the district court properly dismissed the action against the state court judge and did not abuse its discretion in imposing sanctions and assessing attorney's fees.
 
 No. 89-6170
 
 4
 In No. 89-6170, the defendant attorneys appeal from the district court's denial of their motions for attorney's fees under 42 U.S.C. Sec. 1988 and sanctions under Fed.R.Civ.P. 11. In its order denying these defendants attorney's fees under 42 U.S.C. Sec. 1988 the court relied upon Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), and its rule that a prevailing defendant recovers fees only when the suit "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421, 98 S.Ct. at 700. The district court stated that it had reviewed the complaint's allegations "under the complex and evolving case law regarding the pleading of conspiracy and joint participation in 1983 actions," I R. (No. 89-6074) tab 68 at 2, and reasoned that it had evaluated the complaint under Fed.R.Civ.P. 12(b)(6), but "did not delve into, or address, the merits of such claims; it merely found that pleading requirements had not been satisfied. Based upon the same, the court finds in its discretion that an award of attorney's fees is not warranted under section 1988." I R. (No. 89-6074) tab 68 at 2.
 
 
 5
 By referencing the "complex and evolving case law" on pleading conspiracy and joint participation, we assume that the district court was referring to the difficulties lower courts have had in determining the exact parameters of the Lugar requirements for joint participation. The court may have been giving plaintiffs and their counsel the benefit of the doubt, apparently both as to the form of pleading a cause of action and the possibility of stating a valid claim. We have some sympathy for the difficulties of pleading a Sec. 1983 conspiracy between private actors and state officials who have immunity, but it is not enough for the district court to base a denial of Sec. 1988 fees on its own failure to "delve into, or address, the merits" of the claims pleaded. It must look to the merits to the extent of determining whether the action was "frivolous, unreasonable, or without foundation." Christiansburg, 434 U.S. at 421, 98 S.Ct. at 700.[4] In the instant context, we think that is the same inquiry that it should make with respect to imposing upon counsel Fed.R.Civ.P. 11 sanctions. So we turn now to the district court's consideration of Rule 11.
 
 
 6
 The court gave the following reasoning for denying Rule 11 sanctions:
 
 
 7
 "In determining whether monetary sanctions under Rule 11 are appropriate in this instance, the Court has focused on that language in the Rule that requires the pleadings to be well grounded in fact and not interposed for any improper purpose. In so doing, the Court finds that while it determined that the plaintiffs had failed to allege to this Court's satisfaction under extant case law sufficient facts to support claims of conspiracy and/or joint participation, such failure does not rise to the level of sanctionable conduct. The plaintiffs' claims were arguable; as stated, the Court merely determined under the stringent requirements for pleading conspiracy and joint participation for purposes of section 1983 that the plaintiffs had failed under Rule 12(b)(6).
 
 
 8
 The inquiry into 'improper purpose' appears to require the Court to fathom the motives of counsel and parties despite the appellate court's statements regarding objective reasonableness. In reviewing the record to determine the existence of this factor, the Court finds despite the defendants' strenuous and repeated contentions that the actions of Messrs. Crabtree and Rogers and Avondale are 'vexatious and contumacious,' that monetary sanctions will not be imposed under Rule 11."
 
 
 9
 I R. (No. 89-6074) tab 68 at 4-5.
 
 
 10
 The key statements here were the court's conclusions that plaintiffs' claims were "arguable," that the court had "merely determined under the stringent requirement for pleading conspiracy and joint participation" that plaintiffs had failed, and that inquiry into " 'improper purpose' appears to require the Court to fathom the motives of counsel and parties," despite the "objective reasonableness" standard stated in cases such as Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir.1988).
 
 
 11
 As an appellate court we must give deference to fact findings by a district court; the "abuse of discretion" standard for review of sanctions also requires considerable deference. Given the circumstances of this case, however, the trial court abused its discretion in denying sanctions to the defendant attorneys.
 
 
 12
 In the instant case, the Crabtree children's failure to allege specific facts indicating a conspiracy between the judge and defendant attorneys may be interpreted either as a purely technical failure (which could be remedied through amendment of pleadings) or as a fundamental lack of evidentiary support for the claims made in the complaint. In determining which scenario is applicable, the district court cannot ignore the context in which the pleading arises. Thus, the court cannot ignore the fact that both an Oklahoma state court and a federal bankruptcy court had found plaintiffs have no ownership interest in the property they claim, and that the alleged conveyances to plaintiffs were shams. In addition to attempting the sham transfers, for which they provided handwritten, unnotarized, antedated conveyances, the record shows that the children plaintiffs' parents had attempted to deny knowledge of, hide, or claim exemption for many articles of value owned by them. Thus, they claimed that a $250,000 Renoir painting had been given to an art dealer, with no written indication of a sale, loan or gift, that antiques and art held for investment purposes were entitled to exempt status, and that properties for which expenditures and deductions were claimed on tax returns of the children's trust and the Crabtree parents were in fact properties of the Crabtree children, individually.
 
 
 13
 We believe the court could not ignore that plaintiffs were represented by counsel in both proceedings and unsuccessfully sought relief from the Oklahoma Supreme Court; that so far as appears from voluminous documentation the defendant judge acted strictly in a judicial capacity and the defendant attorneys acted solely as counsel for creditors seeking to trace and secure assets from, to say the least, somewhat uncooperative parents of the plaintiff children to satisfy state court judgments against them. Also the district court itself, in the case at bar here, found the plaintiffs pleaded insufficient facts to state a Sec. 1983 cause of action against these defendants. Plaintiffs pleaded no facts showing a conspiracy; and on the basis of the record the existence of a conspiracy between the state judge and defendant attorneys seems preposterous.
 
 
 14
 The only arguable basis for plaintiffs' claim of a violation of their constitutional rights would appear to be that they were not named as parties to the lawsuits seeking to reach assets they claim to own. How should they assert that due process violation? Apparently the district court believed it was at least not sanctionable to do so by a federal Sec. 1983 suit alleging a conspiracy between the judge and the lawyers who filed suit to attach assets which to outward appearances were owned by the parents and the children's trust, who were sued. Despite some uncertainty in what Lugar requires to plead a joint participation conspiracy, we believe no reasonable attorney could think that an acceptable way to assert plaintiffs' title claims, or to redress counsel's failure to give notice to the allegedly true owner of property sought to be attached, would be to institute a Sec. 1983 conspiracy suit. The obvious options were to intervene in the state and/or bankruptcy court proceedings, as plaintiffs appear to have done, or to retain possession of the assets, if they have possession, until a court action was brought to attach the asset, and in such a suit litigate the due process claim based upon failure to give notice.
 
 
 15
 We hold that the district court abused its discretion in not awarding attorney's fees to the attorney defendants under 42 U.S.C. Sec. 1988 or Fed.R.Civ.P. 11. On remand, the court should determine the proper amount of such fees, and where the fault lies as between the attorney and plaintiffs. See Chevron, U.S.A., Inc. v. Hand, 763 F.2d 1184, 1187 (10th Cir.1985).
 
 
 16
 The district court's judgments in Nos. 89-6073 and 89-6074 are AFFIRMED. The judgment in No. 89-6710 is REVERSED and the case REMANDED for further proceedings consistent herewith.
 
 APPENDIX
 IN THE UNITED STATES DISTRICT COURT FOR THE
 WESTERN DISTRICT OF OKLAHOMA
 
 17
 Catherine Dianne Crabtree, a minor, by and through her next
 
 
 18
 friend, F. Dale Crabtree, et al., Plaintiffs,
 
 
 19
 v.
 
 
 20
 David M. Cook, et al., Defendants.
 
 
 21
 No. CIV-88-988-W.
 
 
 22
 Jan. 30, 1989.
 
 ORDER
 
 23
 This matter comes before the Court on the Motion to Dismiss of defendants Clyde A. Muchmore, Brooke S. Murphy and Harvey D. Ellis, Jr., wherein dismissal is sought pursuant to Rules 12(b)(1) and 12(b)(6), F.R.Civ.P. The plaintiffs, Catherine Dianne Crabtree and David Lynn Crabtree, minors, by and through their next friend, F. Dale Crabtree, and Avondale, Inc., have responded in opposition to the motion. Based upon these submissions and the defendants' reply, the Court makes its determination.
 
 
 24
 In so doing, the Court finds first that recitation of the many events giving rise to this litigation and reference to the numerous pleadings and filings of the parties in the state court action are not necessary except to the extent such events and pleadings impact on this Court's ruling. Having found the defendants' argument under Rule 12(b)(6) dispositive of this litigation, the Court finds further that the defendants' argument under Rule 12(b)(1) will not be considered.
 
 
 25
 This action was commenced under title 42, section 1983 of the United States Code against these three defendants and The Honorable David M. Cook, District Judge for Oklahoma County, Oklahoma, for alleged violations of the plaintiffs' constitutional rights. The actions of which the plaintiffs have complained occurred after entry of judgment in Campbell v. Crabtree, No. CJ-86-4434, over which Judge Cook presided and to which F. Dale Crabtree, the father of the minor plaintiffs and a stockholder of the corporate plaintiff involved herein, was a party defendant. Defendants Muchmore, Murphy and Ellis were counsel for the state court plaintiffs.
 
 
 26
 The plaintiffs have alleged that these three defendants willfully and jointly participated and conspired with Judge Cook in the seizure of certain property, that they directed Judge Cook in his actions and were asked by Judge Cook what actions to take, which in all instances were subsequently taken and that they had ex parte communications with Judge Cook. The plaintiffs have further complained that all motions made by these defendants were granted and that all factual findings and legal conclusions proposed by said defendants were adopted by Judge Cook verbatim (save for corrections of typographical errors). The plaintiffs have alleged that these actions were accomplished by these defendants under color of state law by virtue of their joint activity with and as co-conspirators with Judge Cook.
 
 
 27
 The defendants in challenging the sufficiency of the plaintiffs' allegations argued that the plaintiffs had failed to state a claim under section 1983 since they had failed to allege adequately a conspiracy among the defendants. The plaintiffs not only denied that their pleading was insufficient in this regard but also argued that the defendants had not challenged whether their claim of "joint activity" was pled properly and thus, dismissal was not warranted. This suggestion that the defendants had questioned only one of the two methods of stating a claim and thus, establishing liability under section 1983 advanced by the plaintiffs prompted a reply by defendants.
 
 
 28
 Because the parties have focused on both theories and because case law demonstrates that the inability to state a claim under one approach does not preclude consideration of a second approach, the Court has examined both bases for liability advanced by the plaintiffs. The Court finds however that under either theory, the plaintiffs' pleading is fatally defective.
 
 
 29
 Section 1983 provides that every person who acts under color of state law to deprive another of constitutional rights shall be liable in a suit for damages. While section 1983 by its "under color of state law" limitation (and the equivalent "state action" language in the fourteenth amendment to the United States Constitution) regulates only governmental actions as opposed to purely private conduct, private parties such as the instant defendants can act under certain circumstances "under color of state law" and thus, as state actors be liable under section 1983. E.g., Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
 
 
 30
 When plaintiffs in a civil rights action attempt to assert the necessary element of "state action" by implicating a state judge in a conspiracy with private defendants, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983) (citing Clulow v. Oklahoma, 700 F.2d 1291, 1303 (10th Cir.1983)). "The standard is even stricter when the state official[ ] allegedly involved in the conspiracy [is] immune from suit," 708 F.2d at 518 (citing Shaffer v. Cook, 634 F.2d 1259, 1260 (10th Cir.1980); Norton v. Liddel, 620 F.2d 1375, 1380 (10th Cir.1980)), as this Court has determined Judge Cook to be. Order of January 10, 1989.
 
 
 31
 The plaintiffs' allegations of conspiratorial conduct fall into four categories: ex parte communications, adverse rulings, adoption of proposed orders, findings and conclusions and direction of activities. In taking as true those facts pled to support these allegations and in drawing all reasonable inferences therefrom as required under Rule 12(b)(6), the Court finds that there are no facts in the instant complaint which tend to show that these alleged conspirators had an understanding or agreed plan with Judge Cook to cause harm or injury to the plaintiffs.
 
 
 32
 The Court is mindful that direct evidence of a conspiracy is rarely available and that the existence of a conspiracy must usually be inferred from the circumstances. The Court is equally "mindful that caution is advised in any pre-trial disposition of conspiracy allegations in civil rights actions." Clulow, 700 F.2d at 1303 (citing Fisher v. Shamburg, 624 F.2d 156, 162 (10th Cir.1980)).
 
 
 33
 However, the rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action. A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and the substance of which were not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions. The Court likewise finds in this instance that the allegations pertaining to "direction of activities" are insufficient since the facts supporting such claim, see Complaint pp 11, 14, demonstrate that Mr. Crabtree, and not his children, was the target of such alleged directed activities.
 
 
 34
 The second theory advanced by the plaintiffs for establishing the requisite "state action" is predicated on the United States Supreme Court's decision in Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), a nonconspiracy case, wherein the Supreme Court affirmed the principle "that the conduct allegedly causing the deprivation of a federal right [must] be fairly attributed to the State." Id. at 937, 102 S.Ct. at 2753. A two-part test for determining this question of "fair attribution" was devised.
 
 
 35
 "First, the deprivation must be caused by the exercise of some right or privilege created by the State.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor ... because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."
 
 
 36
 Id. (emphasis added); see Coleman v. Turpen, 697 F.2d 1341 (10th Cir.1983) (as modified) (joint participation theory used as basis for stating cause of action against wrecker service).
 
 
 37
 A conspiracy necessarily involves a plan to accomplish a common goal, preconceived and agreed upon by the alleged conspirators; concerted action as used in this context requires only willful participation in a joint activity. The requirements however for pleading "state action" under this "joint participation" theory are no less stringent than the requirements for pleading a conspiracy.
 
 
 38
 No explanation in the complaint accompanies the allegation of ex parte communications and the allegations of direction of activities (assuming such applies to these plaintiffs), adoption of orders and adverse rulings, while accompanied by reference to date and explanation of action, demonstrate only conduct associated with resorting to the judicial process. The requisite joint participation envisioned by the Supreme Court goes beyond the mere use of the state court system by private litigants in the course of an ordinary lawsuit. There are no facts demonstrating that the defendant-attorneys acted outside the confines of the normal judicial process. Accordingly, such allegations fail to demonstrate willful participation in a joint activity, namely to cause harm or injury to the plaintiffs, which would justify characterization of these three defendants as "state actors" for purposes of section 1983.
 
 
 39
 The Court finds based upon the foregoing that the Motion to Dismiss of defendants Muchmore, Murphy and Ellis should be and is hereby GRANTED since the Court has determined under Rule 12(b)(6) not only that the plaintiffs have failed to state a cause of action upon which relief could be granted under section 1983 but also, in the absence of any alleged agreement and because it appears that there are no events giving rise to this litigation which occurred without the normal judicial process, that amendment could not cure the plaintiffs' deficient pleading. The Court finds further, having determined that the plaintiffs have failed to assert a federal claim (either in Count I or Count V), that it will not exercise pendent jurisdiction over the state law claims advanced in Counts III and IV.
 
 
 40
 ENTERED this 30th day of January, 1989.
 
 
 41
 /s/ Lee R. West
 
 LEE R. WEST
 UNITED STATES DISTRICT JUDGE
 ENTERED IN JUDGMENT DOCKET
 
 42
 ON 1-30-89.
 
 
 
 [1]
 Although it makes no difference in outcome, Avondale, Inc. is not a party to the appeals in Nos. 89-6073 and 89-6074 because only the Crabtrees filed a notice of appeal. I R. doc 55. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988) (court has no jurisdiction to hear appeal of party not named in notice of appeal)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 A federal bankruptcy court, handling the bankruptcy estates of plaintiff children's parents and the children's trust, also found that the property forming the basis of plaintiffs' claims here was owned by the parents or the trusts, not the plaintiffs. See Order of Br.Ct.W.D.Okla.Adv. No. 88-281, May 4, 1989,, Addendum to Answer Brief of Appellees Muchmore, Murphy & Ellis, tab 7
 
 
 [4]
 We understand that in a typical case the district judge will have to make a determination of frivolity on the basis of the pleadings alone, with little other guidance. Thus, in many cases, when the defendant's motion to dismiss follows immediately upon the filing of the complaint, the district court may be unable to tell whether a claim is simply not sufficiently pleaded, therefore meriting dismissal, or additionally, not warranted in fact or law, which might require sanctions as well. We do not mean to require the district courts in such situations to hold evidentiary hearings to probe the background of the suit. But if background information is already available, as it was in this case, the court must consider that in making its determination on a Sec. 1988 fee award, as we discuss hereinafter in connection with Rule 11 sanctions