30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George Wright SMITH, Plaintiff-Appellant,
v.
OKLAHOMA DEPARTMENT OF CORRECTIONS; 8 John Doe Doc
Officials; Gary Maynard, "Director"; Larry Fields,
"Director"; Bobby Boone, "Warden"; Jim Wallace, "Unit
Manager"; Jimmy Grey, "Correctional Counselor"; Counselor
Pool, "Correctional Counselor"; C.T. Herd, "Records
Officer"; Jerry Johnson, Deputy Director of Oklahoma
Department of Corrections, Defendants-Appellees.
 No. 93-7110.
 United States Court of Appeals, Tenth Circuit.
 July 25, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff George Wright Smith filed a pro se civil rights action pursuant to 42 U.S.C.1983, seeking damages and declaratory and injunctive relief for alleged violations of his Fifth, Fourteenth, and Eighth Amendment rights by the Oklahoma Department of Corrections and various prison officials. Plaintiff subsequently filed an amended complaint, adding claims pursuant to 42 U.S.C.1981, 1985, and 1986. Upon order of the district court, the defendants prepared and filed a special report in accordance with Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir.1978)(the Martinez report). Defendants moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and plaintiff responded. The district court granted defendants' motion to dismiss, and plaintiff appeals.
 
 
 3
 A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if, assuming all of the factual allegations are true and construing them in the light most favorable to the plaintiff, " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a decision to dismiss for failure to state a claim in a pro se case, "we must decide whether, liberally construing plaintiff['s] allegations, accepting them as true, but also viewing them within the context of the undisputed facts developed in the record, plaintiff[ ] can make any argument, based upon law or fact, in support of the claims asserted." Reed v. Dunham, 893 F.2d 285, 286 (10th Cir.1990) (citations omitted). We review the sufficiency of a complaint de novo. TV Communications Network v. Turner Network Television, Inc., 964 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 601 (1992).
 
 
 4
 Plaintiff is currently incarcerated by the Oklahoma Department of Corrections, serving a seventy-five-year sentence for robbery with firearms received in 1972, and a consecutive fifty-year sentence for first degree rape received in 1973.[2] Plaintiff's claims arise from his contention that defendants have conspired to deprive him of earned credits by ex post facto application of Oklahoma law.
 
 
 5
 As a preliminary matter, we address plaintiff's contention that the district court should have converted defendants' motion to one for summary judgment because of the Martinez report. Although the district court may not use a Martinez report to resolve disputed issues of fact, Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir.1993), the court is allowed to use the report to identify and clarify the issues raised in a complaint, Hall, 935 F.2d at 1112. It is not apparent on the face of the district court's order that it considered the Martinez report in its decision. However, where, as here, a plaintiff's complaint is comprised of "inartfully drafted, unsupported conclusory allegations," a district court's request for and use of a Martinez report is not in error. Ketchum v. Cruz, 961 F.2d 916, 920 n. 3 (10th Cir.1992). Plaintiff's contentions to the contrary are without merit.
 
 
 6
 All of plaintiff's claims emanate from his allegation of a conspiracy among defendants to deprive him of earned credits by applying the amended statute, Okla. Stat. tit. 57, 138 (Supp.1988), ex post facto.[3] "However, the rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Crabtree ex rel. Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir.1990)(appendix). Plaintiff's complaint fails to allege any facts establishing " 'a meeting of the minds or agreement among the defendants.' " See Langley v. Adams County, 987 F.2d 1473, 1482 (10th Cir.1993)(quoting Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230-31 (10th Cir.1990)).
 
 
 7
 Plaintiff also claims that the alleged calculation of his earned credits under the amended statute constitutes cruel and unusual punishment in violation of the Eighth Amendment. To state a cognizable Eighth Amendment claim, plaintiff must allege that defendants acted with deliberate indifference to his serious needs. Wilson v. Seiter, 501 U.S. 294, 303 (1991). Plaintiff's conclusory allegations state no Eighth Amendment claim against defendants upon which relief can be granted.
 
 
 8
 Being cognizant that the district court must construe a pro se plaintiff's pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), it is equally clear that this obligation does not relieve plaintiff of the burden of stating sufficient facts to support his claim, Hall, 935 F.2d at 1110. Plaintiff alleges no facts in his original complaint or his amended complaint linking his claims of constitutional violation with specific actions or inactions of defendants. The court is not required to advocate for plaintiff, and may properly dismiss conclusory, unsupported claims. Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir.1992). Therefore, the district court's dismissal of the majority of plaintiff's civil rights claims as too conclusory to state a claim for relief was appropriate.[4]
 
 
 9
 Although it is clear plaintiff has not stated his civil rights claims with any precision, we note that he may have asserted a separate and possibly meritorious claim that he is being disadvantaged by the application of the amended statute to the calculation of his earned credits. Plaintiff asserts that the amended statute, as applied to him, constitutes a violation of the ex post facto clause of the United States Constitution. A law is ex post facto if (1) it is retrospective, and (2) it disadvantages the prisoner. Weaver v. Graham, 450 U.S. 24, 29 (1981).
 
 
 10
 Section 138, as amended, provides that all prisoners currently in the custody of the Oklahoma Department of Corrections as of the date of enactment, November 1, 1988, shall have their earned credits computed according to the new law. In Ekstrand v. State, 791 P.2d 92 (Okla.Crim.App.1990), the state appellate court visited the issue of whether the retrospective application of the new amendment violates ex post facto prohibitions. The Ekstrand court held that "the amended statute constricts an inmate's opportunity to earn early release, and thereby makes more onerous the punishment for crimes committed before its enactment." Id. at 95. The court concluded that the application of the amendment to such inmates violates the prohibition against ex post facto laws, and these inmates, if adversely affected, are entitled to application of the law in effect on the dates their crimes were committed. Id. Defendants acknowledge this case, admit that plaintiff's earned credits are being calculated under the new system, but assert that this is to plaintiff's advantage. Appellees' Br. at 6.
 
 
 11
 The Ekstrand court further held that the proper procedure for an inmate alleging disadvantage from the ex post facto application of the amendment is to petition for a writ of habeas corpus in state court. Id. We agree.[5] " '[W]hen a state prisoner is challenging the ... duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to ... a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.' " Wallace v. Cody, 951 F.2d 1170, 1171 (10th Cir.1991)(alterations in original)(quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Therefore, in its order, the district court correctly concluded that, insofar as plaintiff is challenging the duration of his incarceration, his only federal remedy is a writ of habeas corpus.[6] R. tab 46 at 4.
 
 
 12
 In conclusion, following thorough review of plaintiff's complaint, we determine that the district court was correct in dismissing plaintiff's complaint as insufficient. Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff's original sentence for robbery with firearms was one-hundred-fifty years. This sentence was commuted to seventy-five years in 1980
 
 
 [3]
 For purposes of calculating earned credit under the amended statute, inmates are divided into four classes depending on the length of their incarceration, their behavior, and their compliance with prison rules. Okla. Stat. tit. 57, 138 (Supp.1988). Each inmate can have his sentence reduced monthly based on which of the four classes the inmate is assigned to, up to a maximum of forty-four credits a month. Id
 
 
 [4]
 In its order, the district court stated that even if its Rule 12(b)(6) dismissal was incorrect, the defendants were entitled to a grant of qualified immunity. R. tab 46 at 3. Because we determine that the district court's dismissal pursuant to Rule 12(b)(6) was correct, we do not reach the immunity issues
 
 
 [5]
 Although we profess agreement with the state court, we note that state habeas corpus relief is available only to those inmates claiming that if their earned credits were calculated under the statute in effect on the date of their crime, they would be entitled to immediate release. Ekstrand, 791 P.2d at 95; see also Wallace v. Cody, 951 F.2d 1170, 1172 (10th Cir.1991)
 
 
 [6]
 The court further directed the clerk to send plaintiff the appropriate habeas corpus form. R. tab 46 at 5