UNITED STATES COURT OF APPEALS
**Filed 9/25/96**
TENTH CIRCUIT

CHARLES D. KINKADE,

    Plaintiff,

    and

DAVID NELSON,

    Plaintiff-Appellant,

       v.

BARRY SHARER, SERGEANT NOBIS, OFFICER JONES, OFFICER THOMPSON, OFFICER REEVES, JAMES L. WELSCH, BILL GOODMAN, officially and individually; ART KETTELL, officially; OFFICER TURNER, OFFICER WHITAKER, OFFICER GOODWIN, officially and individually; CITY OF BLOOMFIELD, purported and pretended and is being sued as a person; BLOOMFIELD MUNICIPAL COURT, being sued as a person; BILLY F. HILLGARTNER, ERVIN CHAVEZ, GORDON N. CRANE, SHERRY L. GALLOWAY, JOHN A. DEAN, JR., PAUL ONUSKA, officially and individually; CURTIS GURLEY, officially and individually, and JOHN DOES 1 through 100,

    Defendants-Appellees.

No. 95-1438
(D.C. No. 95-WY-2135-CB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff David Nelson, appearing pro se, appeals the dismissal of a civil action for damages brought by Nelson and Charles Kinkade. Plaintiffs brought their action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1332, and 28 U.S.C. § 2201. The numerous claims alleged arise out of a drunk driving arrest of Kinkade and the related arrest of Nelson in San Juan County, New Mexico. We affirm the district court's dismissal of this action for lack of personal jurisdiction.

Defendants moved to dismiss the action for lack of personal jurisdiction and improper venue. The district court found plaintiffs had failed to allege any facts demonstrating jurisdiction over defendants, all of whom were residents of New Mexico, and that none of the alleged acts took place in Colorado. The only relationship between any aspect of the case and Colorado was that plaintiffs were Colorado residents at the time the action was filed.

When contested, the plaintiff bears the burden of establishing that the court has

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2

personal jurisdiction over the defendant.  See Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).  In the absence of an evidentiary hearing, a plaintiff need make only a prima facie showing of jurisdiction, and the well-pleaded facts of the complaint must be taken as true insofar as defendant's affidavits, if any, do not controvert them.  On appeal, we review the district court's decision de novo and consider only those written submissions before the court when it rendered its decision.  Id.  Thus, we must determine whether the written submissions before the district court make a prima facie showing of personal jurisdiction.

Nelson asserts no cognizable theory of personal jurisdiction.  He alleges no actions on the part of defendants which involved the state of Colorado, and he alleges no facts under which the Colorado long-arm statute could confer jurisdiction.  See Colo. Rev. Stat. § 13-1-124 (West Supp. 1995).  Nelson presents no minimum contacts required by constitutional due process before defendants can be made to answer in a court situated in Colorado.  See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); American Land Program v. Bonaventura Uitgevers Maatschappij, 710 F.2d 1449, 1452 (10th Cir. 1983).  Nelson has made no prima facie showing of personal jurisdiction.

In light of our determination that Nelson has failed to invoke the jurisdiction of the court, we need not consider the remaining issues raised on appeal.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3