UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 9/30/96**

---

ELDON HAYS, GRACE M. HAYS,

    Plaintiffs-Appellants,

v.

GEORGE MCLACHLAN, SCOTT R.
FONCANNON, JOHN
GEHLHAUSEN, JOHN S.
LEFFERDINK, RICHARD A.
FRANCIS, GALE A. NORTON,
CRISTINA VALENCIA, CARON
BETHEL, NORMAN L. ARENDS,
GARTH L. NIESCHBURG, ROSE
ANN ESTES YATES, JAMES
CHILDRESS, JESSE
MANZANARES, ATTORNEY
GENERAL FOR THE STATE OF
COLORADO, STATE OF
COLORADO, OTERO COUNTY,
HAROLD KLIEN, ROBERT
GERLER, ROBERT BAUSERMAN,
JOHN EBERLY, DENNIS SMITH,
JIM MASON, CHRIS JOHNSON,
PROWERS COUNTY COLORADO,
RICHARD CLED WIDENER,
ROBERT TEMPEL, JOHN STULP,
JAMES HAMILTON, JEFFERY
FAYCOSH, RONALD FOSTER,
DARLA SPECTH SCRANTON,
JOHN GEHLHAUSEN, P.C., JOHN L.
LEFFERDINK, ARTHUR ESGAR,
FREDERICK ESGAR, DAVID
ESGAR, LINDA M. MOSHAR,
LARRY MOSHER, LEFFERDINK

No. 95-1365
(D.C. No. 95-Z-1404)
(D. Colo.)

AND BULLOCK, FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver, Heritage Savings and Loan Association and State Bank of Wiley, JOHNSON & MCLACHLAN, and John and Jane Does 1-100, STATE BANK OF WILEY,

　　　　　Defendants-Appellees.

_____

ELDON HAYS, GRACE M. HAYS,

　　　　　Plaintiffs-Appellants,

v.

STATE BANK OF WILEY, GEORGE MCLACHLAN, JOHN GEHLHAUSEN, JOHN S. LEFFERDINK, CARON BETHEL, NORMAN L. ARENDS, GARTH L. NIESCHBURG, ROSE ANN ESTES YATES, JAMES CHILDRESS, JESSE MANZANARES, OTERO COUNTY, JOHN EBERLY, DENNIS SMITH, JIM MASON, CHRIS JOHNSON, PROWERS COUNTY COLORADO, HAROLD SMITH, JAMES HAMILTON, LEFFERDINK, DAVIS AND BULLOCK, JEFFERY FAYCOSH, LARRY E. MOSHER, RONALD FOSTER, LINDA J. MOSHER, WINTER LIVESTOCK, INC., LICH, HEROLD AND MACKIEWICZ, JOHN GEHLHAUSEN, P.C., JOHN M.

No. 95-1366
(D.C. No. 94-Z-950)
(D. Colo.)

-3-

LEFFERDINK, ARTHUR ESGAR, FREDERICK ESGAR, DAVID ESGAR, LEFFERDINK & BULLOCK, John and Jane Does, 1-100, FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver, Heritage Savings and Loan Association and State Bank of Wiley, JOHNSON & MCLACHLAN,

Defendants-Appellees.

_____

ELDON HAYS, GRACE M. HAYS,

Plaintiffs-Appellants,

v.

GEORGE MCLACHLAN, SCOTT R. FONCANNON, JOHN GEHLHAUSEN, JOHN S. LEFFERDINK, RICHARD A. FRANCIS, GALE A. NORTON, CRISTINA VALENCIA, CARON BETHEL, NORMAN L. ARENDS, GARTH L. NIESCHBURG, ROSE ANN ESTES YATES, JAMES CHILDRESS, JESSE MANZANARES, ATTORNEY GENERAL FOR THE STATE OF COLORADO, STATE OF COLORADO, OTERO COUNTY, HAROLD KLIEN, ROBERT GERLER, ROBERT BAUSERMAN, JOHN EBERLY, DENNIS SMITH, JIM MASON, CHRIS JOHNSON, PROWERS COUNTY COLORADO,

No. 95-1432
(D.C. No. 95-Z-1404)
(D. Colo.)

JAMES HAMILTON, JEFFERY FAYCOSH, RONALD FOSTER, DARLA SPECTH SCRANTON, JOHN GEHLHAUSEN, P.C., JOHN L. LEFFERDINK, ARTHUR ESGAR, FREDERICK ESGAR, DAVID ESGAR, LINDA M. MOSHAR, LARRY MOSHER, LEFFERDINK & BULLOCK, FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver, Heritage Savings and Loan Association and State Bank of Wiley, JOHNSON & MCLACHLAN, and John and Jane Does 1-100, STATE BANK OF WILEY,

        Defendants-Appellees.

_____

ELDON HAYS, GRACE M. HAYS,

        Plaintiffs-Appellants,

v.

JAMES B. BOISCLAIR, CITYBANK (SOUTH DAKOTA) N.A., LEROY MAUCH, NORMAN L. ARENDS, GEORGE MCLACHLAN, JOHN R. STULP, ROSE ANN YATES, RICHARD CLED WIDENER, PROWERS COUNTY COLORADO, John and Jane Does 1 through 29,

        Defendants-Appellees.

No. 95-1441
(D.C. No. 95-Z-1678)
(D. Colo.)

-5-

ORDER AND JUDGMENT[*]

Before PORFILIO, BARRETT, and BRORBY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of these appeals. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

In these companioned appeals, plaintiffs Eldon and Grace Hays challenge the district court's adverse disposition of three civil rights actions. The numerous defendants named in these cases filed motions for dismissal and/or summary judgment, raising such legal defenses as absolute (judicial, quasi-judicial, and prosecutorial) immunity, qualified immunity, failure to state a claim, res judicata, and statute of limitations. We review the district court's determinations of these matters de novo. State Bank v. Gledhill (In re Gledhill), 76 F.3d 1070, 1082 (10th Cir. 1996)(res judicata); Edwards v. International Union, 46 F.3d 1047,

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1050 (10th Cir.)(limitations), cert. denied, 116 S. Ct. 60 (1995); Eastwood v.

Department of Corrections, 846 F.2d 627, 629 (10th Cir. 1988)(absolute and

qualified immunity); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 851, 854

(10th Cir. 1996)(dismissal and summary judgment generally).  For the reasons

expressed below, we affirm the judgments entered in all of these cases.

Before we discuss each particular case, though, one general matter common

to all should be addressed.  Plaintiffs have been sanctioned, by both monetary

penalties (attorney fees) and prospective filing restrictions, for submitting

pleadings judged to be plainly deficient in law and fact.  As pro se litigants,

plaintiffs are entitled to invoke the familiar principle of liberal pleading

construction.  See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

There are, however, reasonable limits to this principle:

> [T]he broad reading of the plaintiff[s'] complaint does not relieve the
> plaintiff[s] of the burden of alleging sufficient facts on which a
> recognized legal claim could be based.  Not every fact must be
> described in specific detail . . . .  Nevertheless, conclusory
> allegations without supporting factual averments are insufficient to
> state a claim on which relief can be based . . . .

Id. (quotation omitted).  Furthermore, we note that "a pro se party must follow the

same rules of procedure that govern other litigants."  United States v. Edwards,

69 F.3d 419, 427 n.5 (10th Cir. 1995)(quotation omitted), cert. denied, 116 S. Ct.

2497 (1996).

The district court concluded each of its dismissal orders roughly as follows:

> The Court notes that plaintiffs have in the past as in this action joined parties to their actions simply because they perceive that those individuals had opposed earlier actions. Such action is clearly an abuse of the judicial process. Groundless and vexatious litigation will justify an order enjoining a litigant from filing any pro se claims without first seeking prior leave of Court. See Ketchum v. Cruz, 961 F.2d 916, 921 (10th Cir. 1992); Winslow v. Romer, 759 F. Supp. 670, 677-78 (D. Colo. 1991); Colorado ex rel. Colo. Judicial Dep't v. Fleming, 726 F. Supp. 1216, 1221 (D. Colo. 1989). The Court concludes that this case and others filed by plaintiff[s] have been groundless and vexatious. Therefore, cause does exist to bar plaintiffs from filing pro se actions before this Court without leave to do so. Thus, the Court will so order. The Court further concludes that defendants should be awarded reasonable attorneys' fees expended to defend this frivolous law suit.

Appeal No. 95-1366, R. II doc. 181 at 3; see Appeal Nos. 95-1365, 95-1432, R. I doc. 79 at 3; Appeal No. 95-1441, R. I doc. 28 at 3-4. As our case-by-case discussion below reflects, we agree with the district court's overall assessment of plaintiffs' legal filings. Under the circumstances, the court did not abuse its discretion in awarding attorney fees to defendants, see generally Mann v. Reynolds, 46 F.3d 1055, 1062 (10th Cir. 1995), nor did the court err in imposing a reasonable restriction on plaintiffs' pro se filings, particularly as several motions and/or magistrate judge recommendations had provided plaintiffs with ample notice that such restrictions were under consideration in each case, see Werner v. Utah, 32 F.3d 1446, 1447-48 (10th Cir. 1994).

The complaint in this case alleges two instances of improper conduct by opposing counsel at a deposition in another federal action brought by plaintiffs. First, it alleges that defendant George McLachlan, an attorney (and state judge) representing himself in that case, impersonated a federal judge at the deposition. The only factual allegations included to support this accusation are that McLachlan, whose chambers were in the same building, attended the deposition in judge's robes and, while there, told plaintiffs' lay "advisor" that he could not remain at the deposition. Second, the complaint alleges that other opposing counsel insisted on reviewing a stack of documents regarding which Grace Hays intended to testify and, in the process, lost certain unidentified papers.

In dismissing the action, the district court discussed several deficiencies in the pleadings which liberal construction could not remedy. The court initially noted that the lengthy complaint was "vague and difficult to understand," and therefore dismissable for lack of the "short and plain statement" required by Fed. R. Civ. P. 8(a)(2). R. I doc. 79 at 2. The court continued:

---

[1]     These consolidated appeals challenge essentially the same determination. Plaintiffs filed Appeal No. 95-1432 following the denial of their motion to reconsider the judgment challenged in Appeal No. 95-1365. Technically, the second appeal adds the denial of reconsideration to the underlying judgment already under review pursuant to the first appeal.

> Even if plaintiffs had set forth recognizable claims, it appears that they would be insufficient . . . . It further appears that no state action occurred and thus an action under 42 U.S.C. § 1985 or § 1983 is inappropriate. In short, it appears that plaintiffs are contending that something improper happened during their depositions in Civil Action No. 95-Z-950. These are issues which should have been raised in that case and not as a separate action.

Id.

We agree. The only particularized, intelligible claims that can be gleaned from the complaint's forty-seven pages are the discovery objections summarized above. Not only are those objections doubtful in themselves,[2] they are directed to conduct that does not, in any event, involve the state action necessary to support plaintiffs' federal claims.[3] See Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983)(summarizing "vast weight of authority" recognizing that private civil discovery does not constitute state action, including Skolnick v. Martin, 317 F.2d

---

[2] Plaintiffs cite no authority either demonstrating a right to lay assistance at a deposition, see 28 U.S.C. §1654 ("parties may plead and conduct their own cases personally or by counsel"); cf. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986)(civil party cannot be represented by nonattorney); United States v. Nichols, 841 F.2d 1484, 1503 (10th Cir. 1988)(no right to unlicensed representation in criminal proceeding), or precluding opposing counsel from reviewing documents relied on by a party-witness, see Fed. R. Civ. P. 30(c); Fed. R. Evid. 612. Moreover, defendant McLahlan's appearance in his state judicial garb does not, in itself, constitute the impersonation of a federal judge.

[3] State action is required not only for § 1983 claims, but also for § 1985(3) claims premised on constitutional strictures directed at state conduct, United Brotherhood of Carpenters & Joiners v. Scott, 463 U.S. 825, 830-33 (1983). We further note that plaintiffs' § 1985(3) claims are not supported by the requisite "class-based, invidiously discriminatory animus." Id. at 834 (quotation omitted).

855 (7th Cir.), cert. denied, 375 U.S. 908 (1963), which specifically involved conduct by opposing counsel at a deposition). The complaint invokes a broad state-infused conspiracy, but contains no facts to bear out its conclusory allegations in this regard. See, e.g., Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 115 S. Ct. 107 (1994); Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992). This action was, in substance, an inappropriate attempt to raise previously known objections to the discovery process involved in another case. Neither discovery nor plausible amendment could conceivably have rectified the fatal deficiencies of the claims asserted.

Appeal No. 95-1366

In this case, plaintiffs complain primarily about certain adverse commercial transactions from the mid-1980s, and the unfavorable state court litigation relating thereto. They assert three broad categories of claims: first, the defendant State Bank of Wiley and its officers, agents, and employees allegedly conspired to take plaintiffs' property through means of forgery and fraud; second, the defendant counties, judges, clerks, and officers conspired with and assisted the bank in this effort, by seizing plaintiffs' property without a warrant and in violation of due process; and third, the defendant district attorney, sheriff's officers, court clerks, and others conspired to bring a criminal charge (offering a

-11-

false instrument for recording in violation of Colo. Rev. Stat. § 18-5-114) against plaintiff Eldon Hays without a grand jury indictment.

On the basis of several thorough recommendations of the magistrate judge, each accounting for a subset of the numerous defendants, the district court disposed of the case on many overlapping legal grounds. Specifically, the court concluded that: (1) the claims involving commercial transactions were barred by res judicata; (2) the commercial claims and related allegations regarding collection proceedings were barred by the two-year statute of limitations in Colo. Rev. Stat. § 13-80-102; (3) the defendant judicial officers and their clerks were immune from suit under the doctrines of judicial and quasi-judicial immunity; (4) prosecutorial immunity applied to the criminal charges brought against Eldon Hays; and (5) plaintiffs' conclusory allegations failed to identify any official policy or custom pertinent to their constitutional claims. See R. II docs. 153-157, 181.

We are in substantial agreement with the legal analysis underlying these conclusions, but consider it important to include two additional points. First, it is a fundamental principle of this country's dual judicial system that, aside from the certiorari jurisdiction of the Supreme Court under 28 U.S.C. § 1257, the federal courts do not provide a forum in which to review unfavorable state court civil judgments. See Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991); Williams

Natural Gas Co. v. City of Okla. City, 890 F.2d 255, 264-65 (10th Cir. 1989), cert. denied, 497 U.S. 1003 (1990); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986). Second, we emphasize again that state tort claims, such as the alleged fraud and forgery by the bank here, cannot be federalized for purposes of the civil rights statutes simply by including conclusory allegations of conspiracy with government officials. This is especially true when the officials involved, like many of the defendants herein, are absolutely immune from suit. Crabtree ex rel. Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990).

Appeal No. 95-1441

In this case, plaintiffs object to certain adverse rulings made in a state court breach of contract action in which they were both defendants and counterclaimants. The complaint alleges in conclusory terms a conspiracy consisting of the judges, clerks, opposing party, and opposing counsel involved in that action, as well as the county in which it took place. The district court dismissed on grounds of immunity and failure to state a claim. We affirm. The many legal and factual deficiencies of these claims should be evident from our discussion of Appeal No. 95-1366.

There is, however, one particular matter that appears to have escaped the notice of the district court, which incorrectly held that plaintiffs "failed to provide

-13-

any specific allegation of behavior on the part of defendant[] . . . George McLachlan." R. I doc. 28 at 2. Actually, the complaint alleges that "GEORGE McLACHLAN has made threats against Plaintiffs['] Process Server . . . 'if he left the Summons and Complaints with GEORGE McLACHLAN,' thus depriving Plaintiffs of a process server for this action." Id. doc. 1 at 11. Nevertheless, as there are no allegations that this threat involved anything other than a private attempt to avoid personal service (and, thus, liability) in plaintiffs' lawsuit, the claim fails because the alleged conduct has neither the necessary relation to McLachlan's state judicial office, see Jojola v. Chavez, 55 F.3d 488, 491-94 (10th Cir. 1995), nor the necessary discriminatory animas (for purposes of § 1985(3)), see United Brotherhood of Carpenters, 463 U.S. at 834.

The judgments of the United States District Court for the District of Colorado are AFFIRMED. We have reached our disposition independently of the numerous procedural motions filed in these appeals; the motions are, accordingly, denied as moot. Appellate sanctions have been requested, in perfunctory fashion, by a few of the defendants. We deny these requests as well. The mandate shall issue forthwith.

                                                        Entered for the Court

-14-

Wade Brorby
Circuit Judge